UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAMAINE HARRISON, ET AL

VERSUS

STATE OF LOUISIANA, ET AL

CIVIL ACTION

NUMBER 15-6-JWD-SCR

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiffs Tramaine Harrison (#3567) and Kendall Summers (#3369), detainees currently confined at the East Louisiana Mental Health System Forensic Division, Jackson, Louisiana, filed this action on forms specifically intended for complaints brought pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the Department of Health and Hospitals and Steve Lee, the Chief Executive Officer of the facility. Plaintiffs alleged that each was ordered committed by a state court judge to the East Louisiana Mental Health System (hereafter "ELMHS") after entering a not guilty plea by reason of insanity to criminal charges brought against him. Plaintiffs seek release from ELMHS.

The court, on its own motion, "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed.R.Civ.P. 21. Generally, Rule 20(a) allows multiple plaintiffs to join together when: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a)(1)-(2). Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the "same transaction, occurrence,

or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Generally, as long as both prongs of the test are met, "permissive joinder of plaintiffs ... is at the option of the plaintiffs." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). However, even if the test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *Acevedo*, 600 F.3d at 521.

Plaintiffs' claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences." A review of this court's docket showed that Harrison was found not guilty by reason of insanity of criminal charges in Jefferson Parish, Louisiana, while Summers entered a plea of not guilty by reason of insanity to criminal charges in Criminal District Court for the Parish of Orleans, Louisiana.[1]

In addition, pursuant to the Prison Litigation Reform Act of 1995 (hereafter "PLRA"), a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. *See* 28 U.S.C. § 1915(b). The term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915A(c).

---

[1] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the proceedings in *Tramaine Antonio Harrison v. James D. Caldwell*, CV 15-7-JWD-RLB and *Kendall Summers v. State of Louisiana*, CV 14-799-BAJ-SCR, in which the plaintiffs brought petitions pursuant to 28 U.S.C. § 2254 challenging his continued detention in ELMHS.

The circuit courts that have squarely addressed the issue have concluded that prisoner-plaintiffs who file a complaint jointly must each pay the full filing fee. *See Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1083 (2002)(finding that because each prisoner was required to pay the full filing fee under the PLRA even if allowed to proceed jointly with other prisoners, separate suits were required).

Accordingly, the plaintiff's claims shall be severed. Plaintiff Harrison will proceed in this civil action, while plaintiff Summers will proceed in a civil action to be opened by the Clerk of Court. Each plaintiff will proceed with his own civil action. The factual allegations of plaintiff Tramaine Harrison are found on pages 5-6 of the Complaint. The factual allegations of plaintiff Kendall Summers are found on page 4 of the Complaint.

The Clerk of Court will be directed to assign the new civil action to the same district judge and magistrate judge assigned to the instant civil action. The Clerk of Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Therefore;

IT IS ORDERED that the claims of plaintiff Kendall Summers are severed from the claims of plaintiff Tramaine Harrison.

IT IS FURTHER ORDERED that plaintiff Tramaine Harrison shall proceed as the sole plaintiff in CV 15-6-JWD-SCR.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

(a) Open a separate civil action for plaintiff Kendall Summers;

(b) Assign the new civil action to the district judge and the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of

civil cases to compensate for such assignment;

(c) Docket a copy of this order in the civil action opened for plaintiff Kendall Summers;

(d) Place copies of the Complaint and Motion to Proceed In Forma Pauperis in the civil action opened for plaintiff Kendall Summers;

(e) Strike from the caption of each plaintiff's Complaint and Motion to Proceed In Forma Pauperis the name of the other plaintiff; and,

(f) Send each plaintiff a copy of his Complaint bearing the amended caption and the case number assigned to his own individual civil action and a copy of this Memorandum Opinion and Order.

Signed in Baton Rouge, Louisiana, on March 2, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**