UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAMAINE HARRISON

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA, ET AL                       NUMBER 15-6-JWD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 1, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAMAINE HARRISON

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA, ET AL                       NUMBER 15-6-JWD-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff Tramaine Harrison, a detainee currently confined at the East Louisiana Mental Health System Forensic Division, Jackson, Louisiana, filed this action, on a form specifically intended for complaints brought pursuant to 42 U.S.C. § 1983, against the State of Louisiana, the Department of Health and Hospitals and Steve Lee, the Chief Executive Officer of the facility.[1] Plaintiff alleged that he was ordered committed by a state court judge to the East Louisiana Mental Health System ("ELMHS") after entering a not guilty plea by reason of insanity to criminal charges brought against him. Plaintiff seeks release from ELMHS. Harrison was found not guilty by reason of insanity of criminal charges in Jefferson Parish, Louisiana.[2] Plaintiff

---

[1] The original complaint included detainee Kendall Summers as another plaintiff. On March 2, 2105, the claims were severed and a separate civil action was opened for Summers. Record document number 3, Memorandum Opinion and Order. Plaintiff Harrison's claims are at pages 5-8 of the complaint.

[2] A court may take judicial notice of the record in prior
(continued...)

alleged that at a contradictory hearing held July 30, 2014, his motion for complete discharge from probation was denied. Plaintiff alleged that he is being subjected to false imprisonment. In his prayer for relief the plaintiff sought "full release without probation."

# I. Applicable Law and Analysis

## A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may

---

[2](...continued)
related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the proceedings in *Tramaine Antonio Harrison v. James D. Caldwell*, CV 15-7-JWD-RLB, in which the plaintiff brought a petition pursuant to 28 U.S.C. § 2254 challenging his continued detention in ELMHS. That case is pending before the court.

2

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Failure to Request a Proper Form of Relief**

Although the plaintiff filed this action on a form specifically intended for claims brought pursuant to 42 U.S.C. § 1983, the relief he seeks cannot be granted in a federal civil rights action brought under the statute. Rather, where a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1871 (1973); *Boyd v. Biggers*, 31 F.3d 279, 283 n. 4 (5th Cir. 1994). Plaintiff has a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 pending before the court. *Tramaine Antonio Harrison v. James D. Caldwell*, CV 15-7-JWD-RLB.

3

**C. Eleventh Amendment Immunity**

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Department of Health and Hospitals as an agency of the state. *See, Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**D. *Heck* Bar to § 1983 Claims**

Finally, it is unnecessary to allow the plaintiff an opportunity to amend the complaint to name a proper party. Even if a proper defendant were named and an appropriate form of relief were sought, the plaintiff's claims would be barred by *Heck v.*

4

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly imprisoned, he has no damages claim against any defendant cognizable under section 1983. *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

*Heck* has since been extended to bar claims for declaratory and injunctive relief. *See e.g.*, *Walton v. Parish of LaSalle*, 258 Fed. Appx. 633, 633-34 95th Cir. 2007); *Collins v. Ainsworth*, 177 Fed. Appx. 377, 379 (5th Cir. 2005); *Shaw v. Harris*, 116 Fed. Appx. 499, 500 (5th Cir. 2004). Because the plaintiff's order of commitment apparently remains outstanding, and because a finding by this court in the plaintiff's favor would necessarily imply the invalidity of that order of commitment, *Heck* bars any claim for monetary damages and declaratory and injunctive relief which implies the invalidity of the order of commitment.

Because it is clear that the plaintiff's claims have no

arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii) and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, April 1, 2015.

*signature*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE